UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HILLMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUZANNE M. PEERY,<br><br>　　　　Defendant. | No. 2:17-cv-02178 AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. ECF Nos. 2, 5.

## Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
3       A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
6  meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,
7  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute
8  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490
9  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,
10 has an arguable legal and factual basis.  Id.
11      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
12 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
13 what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
14 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
15 However, in order to survive dismissal for failure to state a claim, a complaint must contain more
16 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
17 allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations
18 omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that
19 merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)
20 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
21 ed. 2004)).
22      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
23 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
24 Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
25 content that allows the court to draw the reasonable inference that the defendant is liable for the
26 misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint
27 under this standard, the court must accept as true the allegations of the complaint in question,
28 Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Screening Order

Plaintiff alleges that in November 2015, while incarcerated at High Desert State Prison ("HDSP"), he slipped on ice while returning to his housing unit from breakfast. ECF No. 1 at 3. He broke his femur in the fall. Id. Plaintiff claims that staff knew that the area in which he fell was dangerous during the winter, but failed to place "cinder" or other safeguards on that day. Id.

Federal courts have uniformly held that prisoners' slip and fall claims are insufficient to state a constitutional violation. See Oubichon v. Carey, 2017 U.S. Dist. LEXIS 75378, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing Coleman v. Sweetin, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases and agreeing with lower court's conclusion that "slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law."); Pyles v. Fahim, 771 F.3d 403, 410 & n.25 (7th Cir. 2014) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement.")). "Simply put, a slip and fall, without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (internal quotations, brackets and citation omitted).

Additionally, plaintiff has named only the HDSP warden as a defendant to this action. He does not allege that the warden had any actual knowledge of the icy conditions which caused his fall. Thus, he cannot show that she had a "sufficiently culpable state of mind" to be civilly liable. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). And although plaintiff alleges that unspecified "staff" had a general awareness of these conditions, he cannot hold the warden liable based on a theory of respondeat superior. See Taylor v. List, 800 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983.").

////

////

////

## Leave to Amend

Although slip and fall claims, as noted above, generally do not state viable section 1983 claims, the court will dismiss plaintiff's complaint with leave to amend out of an abundance of caution. The court cannot exclude the possibility that additional facts may take the allegations out of mere "slip and fall" territory. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

### Summary of the Order for Pro Se Litigant

You have been granted in forma pauperis status and will not have to pay the entire filing fee immediately.

The court has found that the facts in your complaint do not state a claim against defendant Peery that may proceed. First, a "slip and fall" generally does not support a constitutional claim. Second, a warden is not responsible for a constitutional violation at a prison just because she is the warden. Only the person(s) responsible for causing a constitutional violation can be held liable. You are being given an opportunity to file an amended complaint in which you may try to fix these problems.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint is dismissed with leave to amend within 30 days of service of this order.
4. Failure to comply with this order may result in dismissal of this action.

DATED: October 24, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE