UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HILLMAN, | No. 2:17-cv-2178 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SUZANNE M. PEERY, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff's first amended complaint ("FAC"), ECF No. 9, is before the court. For the reasons stated below, the undersigned will recommend that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(i).

I.    RELEVANT FACTS

On October 19, 2017, plaintiff filed an initial civil rights complaint. ECF No. 1. In it, plaintiff stated that on the morning of November 25, 2015, he broke his right femur when he slipped and fell on ice as he was returning to his housing unit. See id. at 3. He contended that the area where he fell was known to by staff to be dangerous. However, despite this knowledge, yard staff failed to put cinder on the ground that day. See id. at 3. The complaint named defendant

1

Peery, the warden of High Desert State Prison, as the sole defendant, and alleged that plaintiff's injury had been caused by defendant Peery's negligence. See ECF No. 1 at 1-3. Plaintiff sought compensatory and punitive damages. See id. at 3.

On October 25, 2017, on screening, the court found that plaintiff had failed to state a cognizable claim. See ECF No. 6 at 3. Specifically, plaintiff was told that slip and fall claims were not actionable under the Constitution. See id. at 3. The court went on to note that plaintiff had not alleged that defendant Peery had actual knowledge of the icy conditions that had caused his fall, and explained that the warden was not liable as a supervisor for the inaction of her staff. See id. at 3. Because plaintiff had failed to allege any sort of cognizable claim, the court dismissed the matter with leave to amend. See id. at 4.

Plaintiff filed the instant FAC on December 4, 2017. ECF No. 9. In it, plaintiff presents the same statements of fact. See id. at 3-4. However, he has now identified an Officer Pickens and a John Doe as the individuals who were responsible for putting cinder down on the walkways the day he was hurt. See id. at 3-4. Plaintiff alleges that they "violated [his] right to be free from cruel and unusual punishment by being deliberately indifferent to [his] saf[e]ty by failing to place cinder and sand on the footpath . . . as per clearly established policy for [the] prison which experiences snowy and icy conditions annually." Id. at 4 (brackets added). Plaintiff also alleges that because that morning defendants had "placed or had the yard crew workers place the cinder and sand on the icy walkways which the C/Os and prison staff use [but not on the walkway he as an inmate used]," defendants willfully, knowingly and deliberately disregarded his right to be free from harm. See id. at 4 (brackets added). "Defendants knew the potential harm beforehand," plaintiff contends, "yet [chose] to do nothing." See id. at 4 (brackets added).

II. APPLICABLE LAW

  A. Eighth Amendment: Deliberate Indifference

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a

2

prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then, he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. See id. at 835.

      B.     Fourteenth Amendment:  Right to Personal Security

The right to personal security is a "historic liberty interest" that is protected substantively by the Due Process Clause. Youngberg v. Romero, 457 U.S. 307, 315 (1982) (citing Ingraham v. Wright, 430 U.S. 651, 673 (1977)). The right is not extinguished by lawful confinement, even for penal purposes. Youngberg, 457 U.S. at 315. On the contrary, prison officials must take reasonable measures to guarantee the safety of inmates. See Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).

A prison official can be liable for failing to protect inmates only if (1) there is an "excessive" and "substantial risk of serious harm," and (2) the official is subjectively aware of that risk but deliberately ignores it. Farmer, 511 U.S. at 828-29. A single, isolated incident does not amount to an "excessive" or "substantial" risk to inmate safety. See, e.g., LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (finding shackling dangerous inmate in shower does not create sufficiently unsafe condition even if inmate might fall; slippery prison floors do not state arguable claim for cruel and unusual punishment).

Negligence and gross negligence do not constitute deliberate indifference. Farmer, 511 U.S. at 835-36 (negligence); see Dent v. Sessions, 900 F.3d 1075, 1083 (9th Cir. 2018) (citation omitted) (gross negligence). "Accidents" and "inadvertent failure" do not rise to the level of

deliberate indifference, either. See Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); see, e.g., Daniels v. Williams, 474 U.S. 327, 328 (1986) (finding sheriff's deputy not liable under Section 1983 for injuries sustained by inmate who slipped on pillow negligently left on stairs); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (finding gross negligence insufficient to state claim for denial of medical needs to prisoner).

        C.    Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under Section 1983 only if the supervisor (1) personally participated in the deprivation of constitutional rights or directed the violations, or (2) knew of the violations and failed to act to prevent them. Taylor, 880 F.2d at 1045. A sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation permits supervisorial liability. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citing Thompkins v. Bell, 828 F.2d 298, 303-304 (5th Cir. 1987)). Defendants cannot be held liable for being generally deficient in their supervisory duties.

////

////

1  III.   DISCUSSION

       Plaintiff's FAC fails to state a claim upon which relief may be granted.  Consequently, for the reasons stated below, the undersigned shall recommend dismissal.

       A.   Deliberate Indifference Claim

       Plaintiff claims that defendants Pickens and Doe demonstrated deliberate indifference to his right to personal security.  However, these defendants' failure to put down cinder and sand on the icy walkway does not constitute an objectively serious deprivation that denied plaintiff the minimal civilized measure of life's necessities.  Farmer, 511 U.S. at 834.  Even if defendants' conduct did constitute an objectively serious deprivation, plaintiff alleges no facts which show that defendants acted with a sufficiently culpable state of mind.  See id.  The circumstances alleged do not support an inference that either defendant intended to harm plaintiff, or that the defendants knew on the morning in question that the walkway was slippery and that plaintiff was going to use it.[1]  Nor does plaintiff indicate that defendants forced him to use the walkway against his wishes.  See generally ECF No. 9.  The allegations support no more than negligence, and therefore do not state a claim for relief under the Eighth Amendment.

       The extent of plaintiff's injury (a broken femur) and resulting degree of pain, to which the court is not insensitive, do not change the analysis.  See Estelle, 429 U.S. at 106 ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain" necessary to demonstrate deliberate indifference).

       B.   Right to Personal Security Claim

       With respect to plaintiff's claim that his right to personal security has been violated, the allegations of the FAC do not make a threshold showing that there was an excessive and substantial risk of serious harm on the walkway where plaintiff fell.  See Farmer, 511 U.S. at 834.  This is not a case in which plaintiff alleges, for example, that other individuals on the walkway

---

[1] Plaintiff suggests that access to the discovery process will enable him to identify facts showing that defendants Pickens and Doe acted with willful, knowing and deliberate disregard of his right to be free from harm.  See ECF No. 9 at 4.  However, plaintiff may not use discovery as a fishing expedition to identify facts that might support a claim.  See generally Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004).

fell because of the ice and were seriously harmed prior to plaintiff's fall, or that the walkway had some sort of defect that made the area exceptionally dangerous in icy conditions and which required defendants to provide notice of it to passersby. A single, isolated incident does not amount to an excessive or substantial risk to inmate safety as a matter of law. See, e.g., LeMaire, 12 F.3d at 1457. Neither is this a case in which plaintiff alleges that he had a physical limitation that required assistance in navigating the walkway or specific warnings about conditions. See generally LaFaut v. Smith, 834 F.2d 389, 392-94 (4th Cir. 1987) (stating disabled inmates must be provided with physical accommodations necessary because of their disabilities); Casey v. Lewis, 834 F. Supp. 1569, 1581 (D. Ariz. 1993) (citing LaFaut).

Moreover, as already noted in the Eighth Amendment context, plaintiff has not alleged any specific facts indicating that defendants were subjectively aware of the risk on the walkway where plaintiff fell – i.e., the presence that day of unreasonably unnavigable ice – and deliberately ignored or were indifferent to it. See Farmer, 511 U.S. at 834. The fact that cinder and sand was put down on other walkways used by prison employees, while none was put down where plaintiff fell, does not support a conclusion that defendants were actually aware that there was a significant ice problem in the location where plaintiff slipped and fell. As previously noted, defendants' failure to exercise reasonable care does not rise to the level of a constitutional violation. See id. at 835-36.

For all these reasons, plaintiff's allegations fail to state a claim on a due process theory.

IV.     CONCLUSION

For the reasons explained above, the allegations of the complaint fail to state a claim under § 1983. Plaintiff has previously been provided an opportunity to amend with instructions regarding the applicable constitutional standards, and the amended complaint presents the same underlying factual allegations. These allegations do not take plaintiff's accident outside the negligence context. Because the incident of which plaintiff complains does not constitute a constitutional violation as a matter of law, further amendment would be futile. Accordingly, the action must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(i).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign a United States District Court judge to this action.

IT IS FURTHER RECOMMENDED that the First Amended Complaint be DISMISSED with prejudice for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(i).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE